FILED
SEP 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERNARD S. LEVI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07 1656 |
| ) | |
| HARLEY LAPPIN, et al., ) | |
| ) | |
| Defendants. ) | |

## TRANSFER ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis*, his *pro se* complaint, and motion for a restraining order. The case will be transferred to the United States District Court for the Middle District of Pennsylvania for the following reasons.

Plaintiff is an inmate at FCI-Allenwood in White Deer, Pennsylvania. He brings this action against a number of federal officials at the prison. Plaintiff alleges that he is being detained at an immigration facility based on an improper security classification. In retaliation for his complaint about his classification, prison officials allegedly barred Plaintiff from the law library. Plaintiff also alleges that he has received improper medical care and that the food at the prison is substandard.

Under Title 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

Even though a court should typically give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

The Defendants and Plaintiff reside in Pennsylvania and the actions alleged in the complaint occurred in that state. The District of Columbia has no apparent connection to this case. Therefore, in the interests of justice, it is

**ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Middle District of Pennslvania. Whether Plaintiff should be permitted to proceed *in forma pauperis* is a matter to be addressed by the transferee court.

United States District Judge

Dated: 8/16/07